DISCIPLINARY PROCEEDINGS
PER CURIAM. *
This disciplinary proceeding arises from two counts of formal charges filed by disciplinary counsel against respondent, Kenneth F. Sarama. The first count involved the conversion of client funds, and the second count pertained to respondent’s failure to comply with a subpoena issued by the Office of Disciplinary Counsel.
In March 1994, respondent settled a personal injury claim against the Sunshine Rehabilitation Center on behalf of his client, Herbert Callahan, for approximately $11,000. On March 28, 1994, respondent disbursed $4,903 to Callahan, kept $3,600 as his fee and withheld $2,000 for settlement of the claim of an intervenor in the case, placing the funds in his client trust account. Respondent had permission from Callahan to hold the money and to attempt to reach a settlement with the intervenor. Although respondent made some efforts at settlement, he was unable to reach an agreement with the intervenor. In April, 1995, approximately one year after respondent retained the funds, Callahan demanded payment of the remaining $2,000. Respondent refunded the $2,000 on April 26, 1995. However, bank records from the period during which respondent retained the funds indicated that respondent allowed the balance in his client trust account to fall below $2,000.
After receiving a complaint, the Office of Disciplinary Counsel served respondent with a subpoena ordering production of the can-celled checks disbursing the settlement funds to Callahan. Respondent failed to comply with the request.
A formal hearing before the hearing committee was conducted, at which time respondent admitted that he converted part of the settlement funds for his own use. At the *518 conclusion of the hearing, the healing committee found that the respondent converted the $2,000 to his own use in violation of Rules 1.15, 8.4(a), (b), and (c) of the Rules of Professional Conduct. Moreover, the committee found the respondent failed to comply with the subpoena in violation of Rules 3.4(a) and (c), 8.1(c), and 8.4(a) and (g). The committee recommend respondent be suspended from the practice of law for a period of sixty days, followed by eighteen months of probation during which time respondent’s trust account would be monitored and respondent would perform a 180 hours of community service.
The disciplinary board filed its findings and recommendation with this court on February 19,1997. It found that respondent had actually tried to negotiate a settlement of the intervention, and timely refunded the money upon request, without any financial loss to his client. It further noted that respondent had no prior disciplinary record and showed remorse for his actions. Based on these factors, it recommended that respondent be suspended from the practice of law for six months, deferred, with a one year period of probation. It further recommended that he be assessed with costs of the proceedings.
Disciplinary counsel filed an objection in this court to the board’s recommendation discipline.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent be suspended from the practice of law for six months, deferred, with a one (1) year period of probation. All costs of these proceedings are assessed to respondent.
LEMMON, J., concurs.

 Calogero, C J., not on panel. Supreme Court Rule IV, Part 2, § 3.